**ERNEST THOMPSON, Plaintiff**

**v.**

**NATIONAL PACIFIC INSURANCE, Defendant**

High Court of American Samoa
Trial Division

CA No. 47-90

September 19, 1990

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Justice, and VAIVAO, Associate Judge.

114

Counsel: For Plaintiff, Ellen A. Ryan
For Defendant, John L. Ward II

On Motion for Summary Judgment:

Plaintiff Ernest Thompson is the owner of a pick up truck which was damaged in a single vehicle collision. At all relevant times, the truck was insured by defendant National Pacific Insurance and driven by plaintiff's brother Bert, who was then visiting the island and had taken the vehicle without specifically notifying or asking plaintiff. As a result of the collision, Bert was cited and convicted of the following traffic violations: operating a vehicle without a valid driver's license and operating a vehicle while under the influence of alcohol.

When plaintiff made a claim on his motor vehicle policy for damage to the pickup truck as a result of the collision, defendant denied the claim. The basis for the denial is an exclusionary clause in the policy which, the defendant contends, does not extend coverage to damages occasioned to the truck while it is being operated by a person under the influence of intoxicating liquor, or by a person who is not validly licensed to drive in the territory. In its motion for summary judgment, the defendant cites clause 4 (a) and (e) in the policy, which in pertinent part reads as follows:

> THIS POLICY DOES NOT COVER ---
> 4. Loss damage liability and/or compensation for damage . . . caused whilst the Motor Vehicle---
>> (a) is being driven by . . . any person under the influence of intoxicating liquor or of any drug provided that this exclusion shall not apply to indemnity and/or insurance provided on behalf of any other person or party if such other person or party proves that he did not consent to the Motor Vehicle being driven by or being in charge of the person when such person was under the influence of intoxicating liquor or of any drug.
>> . . .

(e)        is being driven by . . . any person with the consent of the Insured if the driver was not duly authorised under all relevant Laws By-Laws and Regulations to be driving such vehicle for the purpose for which it is being used.

*Discussion*

The parties agree that the case is an appropriate one for summary judgment; however, they have differing views on the correct construction of the exclusionary clause. The defendant contends that the policy does not cover damages to the pickup truck arising while the vehicle was being driven by a person under the influence of intoxicating liquor. Plaintiff, on the other hand, reads the proviso attached to clause 4 (a) as having the effect of maintaining coverage in circumstances where an insured can prove that he did not consent to the use of the vehicle by the driver.

On this point, we have to agree with the defendant. The proviso clearly refers only to "indemnity and/or insurance provided on behalf of any *other* person or party" (emphasis added), whereas in contradistinction, plaintiff is referred throughout the insurance contract as the "insured." The proviso's reference to "any other party" is plainly a reference to third party beneficiaries, not the insured, and thus in the circumstances before us the question of consent or absence of consent has no bearing at all on whether the exclusionary clause 4 (a) applies or does not apply.

We conclude that the damages here claimed are excluded from coverage under the terms of policy. Defendant's motion for summary judgment is granted.

It is so Ordered.